ISAAC DANIELS v. GRAYSON COLLEGE.

Decided February 18, 1899.

1. **Intoxicating Liquors—Pleading.**

The term "whisky" means an intoxicating liquor, and its intoxicating quality need not be alleged in a petition to recover a penalty for breach of a liquor dealer's statutory bond by selling liquor to a student of an institution.

2. **Same—Sale to Student.**

The sale of whisky to a student in an institution of learning is, regardless of where the whisky is to be drunk, a breach of the liquor dealer's statutory bond conditioned not to sell to a student of any institution of learning.

3. **Same—Minors and Students.**

The sale of intoxicating liquors to a minor is prohibited by the statute without regard to whether he is a student, and the sale to a student without regard to his age.

4. **Same—Incorporated College is an "Aggrieved Person."**

An incorporated institution of learning is "a person aggrieved" by the sale of intoxicating liquor to one of its students, within the statute providing that a liquor dealer's bond, which is conditioned, inter alia, that he will not sell to a student of any institution of learning, may be sued on at the instance of any person or persons aggrieved by the violation of its provisions.

5. **Same—Double Penalty for Sale to Minor Student.**

A settlement with the father of a minor student to whom a liquor dealer sells whisky in violation of his bond, conditioned, inter alia, that he will not sell to a student in any institution of learning, will not preclude an action by the institution itself to recover the penalty for selling to a student.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*C. B. Randell* and *J. W. Finley*, for appellant.

*Freeman & Truett*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by Grayson College, a corporate institution of learning located at Whitewright, in Grayson County, against Isaac Daniels, a retail liquor dealer at Sherman, in said county, and the sureties upon his statutory liquor dealer's bond. The plaintiff seeks to recover the statutory penalty of $500 of said Daniels and his bondsmen for the alleged breach of the bond by the sale of whisky to one E. O. Wentzell, alleged to be at the time of the sale a student of the college. A trial was had and judgment rendered for the plaintiff for the statutory penalty and the defendants have appealed.

*Opinion.*—The evidence shows that the appellee is an incorporated institution of learning located at Whitewright, in which the sale of intoxicating liquors is prohibited. The prohibition character of the town is widely published by the college and is an advantage to the institution. The father of E. O. Wentzell, who is a resident of Sherman, placed him in this college as a student because whisky was not allowed to be sold

there.  He stated to the defendant, Daniels, who owned and conducted a retail liquor business in Sherman, in answer to the question why he was going to send his son to Grayson College, that it was because he could not get whisky there.  After this Daniels told young Wentzell that if he wanted whisky while attending Grayson College to let him know and he would send it to him.  After he entered the college as a student he wrote to Daniels for half a gallon of whisky and Daniels expressed it to him.  He and three other students of the college drank the whisky and became very drunk, and exhibited themselves upon the streets of the town in that condition.  This caused the officers of the college much trouble, annoyance, and humiliation, interrupted the course of business in the school for a half day, and was calculated to injure the character and reputation of the institution.

First.  It is first assigned as error that the court should have sustained a special exception to the petition upon the ground that it failed to allege that the whisky sold to Wentzell was of an intoxicating character and that it was to be drunk on the premises.  The term whisky means an intoxicating liquor, and its intoxicating quality need not be alleged.  Besides, it was alleged that it did intoxicate four students. As to the other point, it was not necessary for the petition to so allege. The bond stipulated that he would not sell "to a student of any institution of learning," and it was breached by such sale regardless of where the whisky was to be drunk.  Rev. Stats., 3380.

Second.  It is next insisted that the petition is defective in not alleging that the student was a minor.  This was unnecessary.  Minors and students are distinct classes in the statute.  The sale to a minor is prohibited without regard to whether he is a student, and the sale to a student is prohibited without regard to his age.

Third.  It is contended that the petition is defective because it does not allege that Daniels had been notified not to sell to Wentzell.  This is not necessary to the breach of the bond.  The liquor dealer's obligation not to sell "to a student of any institution of learning," is without condition or qualification.

Fourth.  Appellant's next contention is that the Grayson College did not sustain any such relation to E. O. Wentzell as would authorize it to sue for the statutory penalty for the breach of the bond; that it is a mere corporation, and can not be considered the person *aggrieved* by the sale of the whisky to young Wentzell.  The statute prohibits the sale of liquors to several different classes of persons and under different classes of conditions.  Among the classes of persons is "a student of any institution of learning."  It is further provided by the statute that the "bond may be sued on at the instance of any person or persons aggrieved by the violations of its provisions, and such person or persons shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the conditions of such bond," etc.  Can this school corporation be deemed a *person aggrieved* by the sale of the whisky to its student?  The use of the term *person* is of no significance in this in-

quiry, as it is expressly declared by statute to include corporation unless a different meaning is apparent from the context.     Rev. Stats., 3270.
The term *aggrieved* has been held sufficiently definite of the legislative intent to authorize the mother, father, or other person standing in loco parentis to sue for the statutory penalty in case of sale of intoxicants to a minor.     Peavy v. Goss, 90 Texas, 89.     In the discussion of the term the court clearly indicates that its meaning should not be limited to mere mental affliction, but should be given its broader and usual signification.
In the discussion Mr. Chief Justice Gaines says: "The words, 'any person aggrieved,' are of not infrequent use in statutes.     Article 2789 of our Revised Statutes gives a right of appeal to 'any person who may consider himself aggrieved by any decision, etc.,' of the county court in matters relating to a guardianship.     Similar statutes are found in other States; and the words in question have usually been construed to mean any person having an interest recognized by law in the subject matter of the judgment which he considers injuriously affected by the action of the court.     Green v. Blackwell, 32 N. J. Eq., 768; Schwackhamier v. Kline, 25 N. J. Eq., 503; Adams v. Wood, 8 Cal., 306; Labar v. Nichols, 23 Mich., 310; Betts v. Shotton, 27 Wis., 607. In a legal sense, a person is aggrieved by an act when a legal right is invaded by the act complained of. It is the duty of the parent to look after the moral training of his minor children, and it is his legal right to keep them away from temptation. This legal right of the parent is infringed when one, in violation of law, sells intoxicating liquor to his minor child, or permits such child to enter or remain upon the premises where such liquor is retailed."

A student at school is under the instruction, care, and training of the institution.     The college is specially concerned in the conduct of its students and the habits formed by them while under its tutelage.     In addition to the moral responsibility resting upon the authorities of the institution, its financial success depends in a large measure upon the influences which affect the characters of its students and which are manifested in their deportment.     If such influences are bad and are manifested in the conduct of the students, the public will soon be made aware of the fact and the institution will suffer in its patronage.     Let it be known that students of a certain institution of learning have whisky furnished them and drink it to drunkenness, and the institution had about as well close its doors, for the public will give it no patronage.     Such institutions, then, have a direct interest in the enforcement of the law against the sale of intoxicants to students, and have the right to its enforcement.     The infraction of this condition of the bond was calculated to damage the college; it was an invasion of its rights, and it was the aggrieved party entitled to sue for the penalty pronounced by statute.

The defendants set up in their answer as a defense that the defendant Daniels had paid $300 to the father of E. O. Wentzell in compromise and settlement of his liability for this identical sale of whisky to E. O. Wentzell, who is alleged to be a minor, and that he should not be held liable twice for the one infraction of the bond.     This defense was stricken

out upon exception, and this is assigned as error. If the defendant Daniels was liable to the father, it was on account of a sale of liquor to his *minor* son. The right of the college to sue arose from a sale to a *student* of the institution. As has been before stated, these conditions of the bond are separate and distinct. The right of the college to sue and recover the penalty became fixed upon the breach of the condition in which it was concerned, and no one other than the college had the authority to settle and acquit the liability incurred by such sale to its student.

This holding may appear oppressive, but it seems to be the necessary construction of the statute, and it is our duty to enforce its terms.

There are no other points raised by assignments which we deem it necessary to discuss.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*