## JOHN McKENNA vs. MARGARET McKENNA.

### JUNE 3, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Appeal.   Party Aggrieved.   Guardian and Ward.*

Petitioner, a brother of respondent, who had an annuity charged upon the realty of respondent, petitioned, under C. P. A., § 1047, for the appointment of a guardian upon the person and estate of respondent, which was denied by the Probate Court, and an appeal was taken to the Superior Court. Respondent, after the removal of the cause to the Supreme Court, filed therein a motion to dismiss the bill of exceptions on the ground that petitioner was not aggrieved by the decree of the Probate Court:—

*Held*, that, by the terms of the statute, no right of appeal was given the petitioner, and that he was not "aggrieved" within the meaning of that term as used in the statute.

*Held*, further, that the fact of the annuity was irrelevant, as the statute relative to the appointment of guardians, did not contemplate the protection of the right of a petitioner in the estate of a respondent, but rather the capacity of the respondent to deal with his estate in his own way.

PROBATE APPEAL. Heard on motion of respondent to dismiss petitioner's bill of exceptions, and granted.

JOHNSON, J.   This petition was filed in the Probate Court of the city of Pawtucket, for the appointment of a guardian of the person and estate of Margaret McKenna, alleging her to be a person of full age, a person of weak mind, who, from want of discretion in managing her estate, so spends, wastes, or

lessens her estate, or is likely so to. do, that she may bring herself or family to want or suffering, or render herself or family chargeable upon said city for support. The petitioner is a brother of the respondent.

After the petition had been heard and dismissed by said Probate Court, the petitioner, within the statutory period, appealed to the Superior Court for Providence county. In the Superior Court the respondent moved to dismiss the appeal, on the ground that the petitioner was not aggrieved by the dismissal of his petition by the Probate Court. At the hearing on this motion the petitioner's counsel claimed that he had an interest in the respondent's estate, and the hearing was continued to permit him to show what his interest was. At a later hearing he showed that the respondent was the owner of an undivided interest in certain realty in Pawtucket, devised to her by the will of Thomas McCusker, and that the petitioner had an annuity of two hundred dollars charged by the same will on this realty; that the gross monthly rental of the property is upwards of five hundred dollars; that the buildings are of wood, amply insured; that the property is taxed by the assessors of taxes for the city of Pawtucket at fifty-two thousand dollars, and that the only encumbrance thereon is the petitioner's annuity. The motion was denied and an exception taken.

The case was tried before the Superior Court with a jury on the 21st day of February, A. D. 1908. Prior to proceeding to trial the respondent formally renewed her motion to dismiss. The motion was denied and an. exception taken. At the close of testimony for the petitioner, upon motion, the jury were instructed to return a verdict for the respondent, and the petitioner excepted.

The case is here upon the petitioner's bill of exceptions, which raises the following questions:

1. Was the rescript of the presiding justice at another trial, to which the respondent was a party, and to which the petitioner was not, admissible for the purpose of showing that justice's opinion of her then mental condition?

2.  Did the court err in directing a verdict for the respondent?

The respondent has filed in this court a motion to dismiss said bill of exceptions on the ground that the petitioner was not aggrieved by the decree of said Probate Court. This question of the right of the petitioner to appeal lies at the threshold of the cause. If the petitioner had no right to appeal from the decree of the Probate Court he has no right to complain of the rulings in the Superior Court, and no right to bring the case here on exceptions.

Section 1047, C. P. A., as amended by chapter 1338, Pub. Laws, January session, 1906, is as follows:

"A probate court may appoint a guardian of the person and estate, or of the person or estate, of any idiot, lunatic, or person of unsound mind, of any habitual drunkard, or of any person who from excessive drinking, gaming, idleness or debauchery of any kind, or from want of discretion in managing his estate, so spends, wastes, or lessens his estate, or is likely so to do, that he may bring himself or his family to want or suffering, or may render himself or family chargeable upon the town for support. Such guardian may be appointed upon the petition of a relative or friend of such person or of the overseer of the poor of the town in which such person resides or has a legal settlement. Upon the petition being filed the court shall order notice by publication."

The section confers jurisdiction for the appointment provided for upon the Court of Probate. The classes of persons who may petition are enumerated, viz.: a relative, or friend, or the overseer of the poor. No rights are vested by the terms of the statute in the persons bringing the petition. They are simply authorized to petition, and thereby bring the situation of the respondent, in the respects provided for by the section, to the attention of the court. The right to bring the petition is not limited by the terms of the section to residents of the town or city where the respondent resides or has a legal settlement. The statute, therefore, does not give the residents of the town or city a right to bring the petition because of the possibility that the town or city may be charged with the support of the respondent.

Section 1048, C. P. A., reads:

"The probate court for cause shown after such notice as it shall direct, pending any application for the appointment of a guardian, or pending any appeal from a decree appointing a guardian, may, if it shall deem proper, appoint a temporary guardian of the respondent."

A temporary guardian may be appointed "pending any application for the appointment of a guardian or pending any appeal from a decree appointing a guardian." The fact that there is no provision for the appointment of a temporary guardian pending an appeal from the refusal to appoint a guardian is a strong argument that no such appeal was contemplated. The power of appointment of a temporary guardian is, of course, conferred in order that the estate may be taken care of during the period of contingent incapacity created by section 1051, C. P. A. Under said section, the only binding contract that the respondent can make while the petition is pending is for necessaries. Substantially his entire power to deal with his property is suspended. The appointment of a temporary guardian is therefore a necessity in case of an appeal. It is not conceivable that the legislature, if it had intended to give an appeal to the petitioner, should have omitted a provision for the appointment of a temporary guardian during the pendency of such appeal, while carefully providing for such appointment pending the application for an appointment of a guardian and pending any appeal from the decree making the appointment.

(1)    By section 796, C. P. A., *any person aggrieved* by an order or decree of a Court of Probate may, unless provision be made to the contrary, appeal therefrom to the Superior Court. Was the petitioner aggrieved by the decree of the Probate Court? In *Tillinghast* v. *Brown University*, 24 R. I. 179, 183, the court says: "The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. & P. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a

burden or obligation." See also, *Smith* v. *Whaley*, 27 R. I. 185, 188; *Deering* v. *Adams*, 34 Me. 41; *Sherer* v. *Sherer*, 93 Me. 210; *Lewis* v. *Bolitho*, 6 Gray, 137; *Lawless* v. *Reagan*, 128 Mass. 592; and *Nimblet* v. *Chaffee*, 24 Vt. 628.

The latter case was an appeal from a decree of the Probate Court refusing to appoint a guardian over an alleged insane person. A motion to dismiss was made, on the ground that the county court had no appellate jurisdiction. This motion was granted and exception taken. It was held that the decree was not appealable. The Vermont statute provided that when the decision was against the alleged insane person, or when his petition to be discharged from guardianship was refused, he should be allowed an appeal. No provision was made for an appeal by the petitioner, nor by the guardian, in case the petition for discharge were granted. The court held that this statute by implication showed the intention of the legislature not to permit the petitioner to appeal, saying: "We think, therefore, that according to the maxim of *expressio unius est exclusio alterius*, it must be considered, that the friend or relative in the one case, where no guardian is appointed, and the guardian in the other, where the decision is that the ward is no longer a proper subject of guardianship, shall not have an appeal.

"And we think there is sound reason in this distinction. The friends and relatives in one case, and the guardian in the other, have no such interest as is ordinarily required to entitle one to appeal from a decree of the probate court. They have no present vested pecuniary interest, in creating or continuing the guardianship. And no interest or right of theirs is concluded by the decree. A new proceeding may be instituted, at any time, when it is believed that the evidence of the insanity has become more convincing. And the friends, who deem a relative insane, when others do not, as is not seldom the case, where property is in expectancy, should be satisfied with the decision of the probate court, and ordinarily will be. And at all events, to allow an appeal and protracted litigation, at the caprice of any one of the applicants, however numerous, and of the guardian also, would become absolutely intolerable, to

one accused of insanity, and not unlikely to produce such a state of mind.

"It is said, the court ought not to presume against the interest of the appellant. But it ought to be borne in mind, that the expectancy of an heir, or the apprehension of being ultimately compelled to maintain a lineal ancestor or descendant, is no present vested interest, which the law can recognize. Nor could the former, at common law, be assigned even. And no other possible interest is even suggested."

By the Vermont statute, the same class of persons might be petitioners as under our statute, viz., the overseer of the poor, or any relatives or friends of the defendant.

In *Baker* v. *Searle et al.*, 2 R. I. 115, a guardian had been appointed upon the petition of Immanuel Searle and Philip Arnold, and the citation was served by Arnold. The respondent appealed. One of the grounds of appeal was that the citation was improperly served. The court held that this objection was good, and said: "The court would not go so far as to say, that if the case terminated in the court below the service would not be valid. No costs are decreed there, and the petitioner derives no pecuniary advantage from the proceedings. But upon a decree he may appeal, and then gives a bond to pay the costs and becomes upon the record a party to the proceedings. This may occur, and so he may become liable for costs, and not, in the sense of the statute, disinterested." The reasoning of this case is not affected by the question whether the petitioner had the right of appeal or not. If he *claimed* an appeal he would have to give a bond to pay the costs. The court held that in such case he would not be in the sense of the statute disinterested. The appeal, however, was by the respondent, a decree having been made appointing a guardian, and the question of the right of appeal by the petitioner in case of an adverse decision was not before the court. The question to be decided was the validity of the service of the citation.

In the case of *Congdon* v. *Hersey*, 2 R. I. 153, there was an appeal by the overseer of the poor upon the dismissal of his petition for the appointment of a guardian. The court enter-

tained the appeal. No objection was taken to the right of the petitioner, and the question presented here was not raised.

The fact that the petitioner has an annuity charged in part on the respondent's realty is entirely irrelevant. As his annuity accrues from year to year, the respondent becomes his debtor for her share of the annuity. The debt is secured by the charge on the realty. The statute which permits him to file a petition for the appointment of a guardian does not contemplate the protection of his charges or liens upon the respondent's estate. The question is, not as to his right in her estate, but as to her capacity to deal with her own estate in her own way.

The terms of the statute do not give the petitioner the right of appeal, and under the authorities cited, *supra*, he is not aggrieved by the decree of the Probate Court.

The respondent's motion is granted, and the petitioner's bill of exceptions is dismissed. Cause remitted to the Superior Court, with direction to enter a decree dismissing the appeal for want of jurisdiction.

*Thomas P. Corcoran*, for petitioner.

*Comstock & Canning and Patrick P. Curran*, for respondent.