although it may not readily understand why the Legislature enacted the law as it is.

The judgment is reversed, and the cause remanded.

---

DANIEL v. FINLEY et al.   (No. 5772.)

(Court of Civil Appeals of Texas. Austin. April 4, 1917.)

1. WILLS ⬯253—PROBATE—JURISDICTION OF DISTRICT COURT.

Under Rev. St. 1911, arts. 3206, 3207, giving county courts the general jurisdiction of probate courts and district courts appellate jurisdiction over probate matters, a district court had no original jurisdiction over probate of a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 589.]

2. WILLS ⬯708 — RIGHTS OF DEVISEES BEFORE PROBATE.

A party claiming to be a devisee under a will which he alleges defendants wrongfully suppressed, but who is not an heir of the testator, cannot sue to recover land under the provisions of said will prior to its probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1687–1689.]

3. WILLS ⬯234 — PROBATE — DESTROYED WILL.

The destruction of a will does not prevent its being probated.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 563.]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Suit by J. H. Daniel against Margaret Daniel Finley and others. From an order sustaining a demurrer to the petition, petitioner appeals. Affirmed.

A. R. Eidson, of Hamilton, for appellant. T. B. Ridgell, of Rockwall, J. L. Lewis, of Hamilton, and Haynes & Haynes, of Dallas, for appellees.

JENKINS, J. Appellant brought this suit in the district court of Hamilton county against Margaret Daniel Finley, Sarah Daniel Grier, and Rachael Daniel Hoad, alleging that Jesse Daniel departed this life on the ——— day of March, 1911, leaving surviving him as his only children the defendants herein and J. W. Daniel, T. B. Daniel, Robt. Daniel, and J. H. Daniel, the father of appellant; that said Jesse Daniel left a written will, duly executed, whereby he bequeathed to the first six of said children and to appellant, the son of J. H. Daniel, all of his property; that said property consisted of 73 acres of land in Dallas county; that the appellees suppressed said will and sold said land to F. L. Neney and A. V. Rozelle for $31,093.33, and appropriated the proceeds of said sale to their own use and benefit, and he sues to recover a one-seventh interest in the value of the land so sold, as a legatee under said will.

[1] The trial court sustained a demurrer to appellant's petition, for the reason that it did not allege that said will had been probated. In this we think there was no error. A will is not a muniment of title, unless it has been probated. Lagow v. Glover, 77 Tex. 448, 14 S. W. 141; Paschal v. Acklin, 27 Tex. 174; Brunige v. Rutherford, 57 Tex. 22. The district court has no original jurisdiction as to the probate of a will. R. S. arts. 3206, 3207; Caffey v. Caffey, 12 Tex. Civ. App. 616, 35 S. W. 738.

[2] It may be that under a proper state of facts the district court, as a court of equity, might have the power to render judgment for plaintiff for the value of property which he would have taken under a will, although such will had never been probated. For example, if it had been alleged that appellees suppressed the will of Jesse Daniel, deceased, and caused said estate to be administered upon, and that the land had been sold in regular course of administration to an innocent purchaser for value, and the proceeds paid over to appellees, or that the deceased had left certain children, who were his only heirs, and that they had joined in a deed to an innocent purchaser for value, and had received the proceeds of such sale, when in fact the appellant was entitled to a portion of such proceeds by virtue of a will which they suppressed, the court might render judgment in his favor upon proof of the proper execution of the destroyed will, for the reason that the probate of said will would be a useless proceeding. However, such is not the case here, and we are not called upon to pass upon any such a case.

It appears from the allegations herein that appellant was not one of the heirs of Jesse Daniel, deceased, and that his interest, if any, in the property arose by virtue of said alleged will. It appears that the land, which belonged to the seven children of Jesse Daniel, deceased, was sold by three of them only, who appropriated the proceeds of said sale. If such be the fact, J. H. Daniel, the father of appellant, might recover his one-seventh interest in such land, as an heir of Jesse Daniel, deceased, but appellant would have no interest in said land during the lifetime of his father, who is not alleged to be dead, except as a legatee under the alleged will. If he should cause said will to be probated, he would then become the owner of an undivided interest in said land, and might recover the same from the purchaser, in so far as it appears from the allegations in appellant's petition.

The case of Stringfellow v. Early, 15 Tex. Civ. App. 597, 40 S. W. 871, as cited by appellant, is not in point. In that case all of the heirs agreed to suppress the will, which it appears would otherwise have been contested, and to divide the land between them, in accordance with their interest under the statute of descent and distribution. This partition was upheld: First, for the reason that it was a compromise of a threatened suit; and, second, for the reason that the

---

parties to the partition were the owners of all of the land partitioned, and had a right to dispose of their property as they saw fit.

[3] The fact that the will had been destroyed, if such was the fact, is no bar to its being probated under the laws of this state.

Appellant cites Adams v. Adams, 22 Vt. 50; Buchanan v. Matlock, 8 Humph. (Tenn.) 390, 47 Am. Dec. 622; Townsend v. Townsend, 4 Cold. (Tenn.) 70, 94 Am. Dec. 192; Harris v. Tiscreau, 52 Ga. 153, 21 Am. Rep. 242. In the Vermont case the estate of the deceased had been administered. The Tennessee and Georgia cases seem to rest on the question of original jurisdiction of courts of chancery in those suits.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.