DEVINE INDEPENDENT SCHOOL DIST. v. KOEHLER et al. (No. 6214.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1919. Rehearing Denied May 28, 1919.)

1. INTOXICATING LIQUORS ⬥45—FORFEITURE OF LIQUOR DEALER'S BOND—PENAL CHARACTER OF STATUTE—RIGHT TO SUE.

Since the statute giving the right to an aggrieved person to sue for the forfeiture on a liquor dealer's bond is penal in its nature, the right of plaintiff, an independent school district, to sue for such forfeiture must be made very clear.

2. INTOXICATING LIQUORS ⬥88(2)—FORFEITURE OF BOND — RIGHT OF INDEPENDENT SCHOOL DISTRICT TO SUE—"PERSON."

An independent school district is not a "person" within the meaning of the statute giving the right to an aggrieved person to sue for the forfeiture on a liquor dealer's bond.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by the Devine Independent School District against Walter H. Koehler and others and the Lion Bonding & Surety Company. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

C. C. Harris and Hertzberg, Kercheville & Thomson, all of San Antonio, for appellant. Ward & Bickett, Davis & Long, and H. B. Cline, all of San Antonio, for appellees.

COBBS, J. This suit was brought by the Devine independent school district of Devine, Tex., against Walter H. Koehler as principal and the Lion Bonding & Surety Company as surety for penalties for violations of the conditions contained in a retail liquor dealer's bond by making sales to certain students attending the high school in the independent school district.

Koehler's saloon was at "Klondike," near Bexar county line. His bond was signed by the Lion Bonding & Surety Company for the sum of $5,000, and was dated September 22, 1916, and filed with county clerk, Bexar county, conditioned that the said Walter Koehler shall not, either in person or knowingly by his agent, employé, or representative, during the year for which such license shall run, from September 28, 1916, to September 28, 1917, sell or permit to be sold in his house or place of business or give or permit to be given any spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication to any student of any institution of learning. Plaintiff alleges defendant violated the conditions of the bond by selling beer, on or about October 13, 1916, to Fred Thompson; on October 7, 1916, sold beer to Wiley Foster; in month of September, 1916, and on January 20, 1917, sold beer to Carroll Thompson; October 13, 1916, sold whisky to Temple Adams; December 25, 1916, sold whisky to Bryan Briscoe—all being students in the Devine independent school.

It was alleged that the plaintiff was aggrieved by the violations of the conditions in the bond by the defendant Koehler, in that said sales were made to students who were attending the Devine high school in the Devine independent school district, and that such sales to said students operated to injure, disturb, and annoy plaintiff, and that because of such the plaintiff (appellant) is entitled to recover the sum of $500 as liquidated damages for each and every infraction of the conditions of said bond. Prayer was made for recovery of $3,000.

The defendants filed exceptions, and properly challenged plaintiff's right to bring this suit, and as such to recover on the bond.

Upon hearing the trial court sustained defendants' exceptions, and dismissed said suit.

Appellant brings its suit under that provision of article 7452, which requires the execution of a statutory bond of "every person or firm desiring to engage in the sale of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, to be drunk on the premises," etc. It is provided therein:

"Said bond may be sued on at the instance of any person or persons aggrieved by the violations of its provisions, and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the conditions of such bond."

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's first assignment of error is substantially to the effect that plaintiff, an independent school district, within the meaning of that statute, is "an aggrieved person," and may maintain such suit and recover the penalties for its own benefit, because of the sale of liquors to students attending that school.

[1] The statute giving the right to an aggrieved person to sue for the forfeiture on a liquor dealer's bond is penal in its nature, and the right of an independent school district to sue for such must be made very clear. Suits for forfeitures and penalties are not favorite subjects of the law.

[2] Now, it is not made clear to us that a school district is a person within the meaning of that statute. Providing common school funds, establishing and maintaining schoolhouses, and establishing school districts for the education of the children of Texas has been a favorite subject of legislation, for their protection and ultimate good. In creating these various arms for the education of the children of Texas, flowing from the sovereign grant of power, in the very nature of things the district cannot, for one moment, be held to have the qualities and attributes of a person or a private corporation. These schools are managed by trustees duly elected, who are vested with the full management. The statute provides for the support of the schools by raising taxes and issue of bonds and from common school fund, and the trustees must cause suits to be instituted and maintained. Wright v. Jones, 55 Tex. Civ. App. 619, 120 S. W. 1139.

Devine independent school district is a corporation, limited to certain well-defined purposes, not having the scope or category of private corporations engaged in business pursuits.

Appellants cite case of Daniels v. College, 20 Tex. Civ. App. 562, 50 S. W. 205, as justifying this suit. It is said in that case:

"Evidence shows that the appellee is an incorporated institution of learning, located at Whitewright, in which the sale of intoxicating liquors is prohibited. The prohibition character of the town is widely published by the college, and is an advantage to the institution." E. O. Wentzell wrote to Daniels, who had a saloon in Sherman, for a half gallon of whisky, which Daniels expressed him. He and three other students got drunk, and "exhibited themselves upon the streets of the town in that condition. This caused the officers of the college much trouble, annoyance, and humiliation, interrupted the course of business in the school for a half day, and was calculated to injure the character and reputation of the institution."

This is a private college, and the success of the college is affected by sales of whisky to the students to such an extent as to impair their manhood and moral character. The college is standing in the relation of parent and guardian, and if "such influences are bad, and are manifested in the conduct of the students, the public will be soon made aware of the fact, and the institution will suffer in its patronage." It would not be long before a private institution of learning would close its doors and go out in utter failure if such conduct were permitted to continue. It would be aggrieved; the college had a personal interest, and, as such, a person, within the meaning of the law, that could sue. It had no sovereign power to assess and levy taxes for its support and to issue bonds under such statutes as created the school districts.

It cannot be contended successfully for one moment, or anywhere pointed out, that the Legislature at any time gave such school districts the authority to bring a suit on a liquor dealer's bond, or delegated any of its power to enforce penal statutes, or to recover penalties of the kind sued for herein.

As this discussion leads to an affirmance of this case, we overrule all of appellants' assignments of error and propositions thereunder.

The judgment is affirmed.