**JONES et al. v. EASTHAM et al.**

No. 9492.

Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1931.

Rehearing Denied Feb. 26, 1931.

J. S. Bracewell, of Houston, for appellants.

Dyess, Jaworski & Strong, of Houston, for appellee American Surety Co. of New York.

Dean & Humphrey, of Huntsville, for all other appellees.

LANE, J.

The statement of the case made below is substantially the same as made in appellees' brief and is, we think, sufficient for the purpose of disposing of the issues presented on this appeal.

On November 10, 1915, Luther Eastham, Jr., filed his application for guardianship of the estate of his brother, W. A. Eastham, alleging that said brother was a person of unsound mind, and on the 30th day of November, 1915, and without a complaint in lunacy having first been filed against the said W. A. Eastham, and without the said W. A. Eastham having first been tried in lunacy and found in such statutory proceeding to be a person of unsound mind, the probate court of Walker county appointed Luther Eastham, Jr., guardian of the estate of W. A. Eastham, and directed letters of guardianship be issued to him upon his giving bond in the sum of $200,000, and the court appointed appraisers. The bond required by the purported order of the court, at the time the court attempted to appoint Luther Eastham, Jr., guardian of the estate of W. A. Eastham, was given by Luther Eastham, Jr., as principal, and by B. D. Eastham, L. O. Eastham, H. G. Eastham, and W. L. Dean, as sureties. Luther Eastham, Jr., purported to act under this bond as guardian of the estate of W. A. Eastham until the 15th day of September, 1918, when a new bond was filed by Luther Eastham, Jr., with the American Surety Company of New York as surety.

Luther Eastham, Jr., filed his application to resign as guardian in November, 1926, and on the 13th day of November was permitted to resign as guardian of said estate.

During all the years that Luther Eastham, Jr., purported to act as guardian of the estate of W. A. Eastham, he filed annual accounts purporting to show the condition of the estate of W. A. Eastham, truthfully reflecting his handling thereof, and each of the said annual accounts so filed were approved by the probate court of Walker county, in so far as said court had jurisdiction and authority to approve same.

But during all said years no complaint in lunacy had ever been filed against W. A. Eastham, and he had never been adjudged a person of unsound mind, and on the 11th day of May, 1927, the appellant in this cause, Mrs. Helen M. Jones, made affidavit "that W. A. Eastham, a citizen of Walker County, Texas, but temporarily in Dallas County, Texas, is a lunatic, or non compos mentis, and that the welfare of himself and others' requires that he be placed under restraint; that said W. A. Eastham has been mentally deranged for a number of years, and has been continually confined in an institution for the mentally afflicted, and has at all times been treated for mental afflictions by physicians; that recently he has been confined in the Timberlong Sanitarium at Dallas, Texas, and is without guardian of his person and estate."

On May 13, 1927, Helen M. Jones made application to be appointed guardian of the estate of W. A. Eastham, the very day upon which W. A. Eastham was first lawfully tried and found to be a person of unsound mind.

G. A. Wynne also filed application for letters of guardianship upon the estate of W.

A. Eastham, non compos mentis, and Mrs. Byrd E. Wooters filed, as intervener, an application that she be appointed guardian of said estate. Mrs. Wooters prevailed in said contest for letters of guardianship and was appointed guardian, and since her appointment has continued to act as the duly qualified and legal guardian of the estate of W. A. Eastham, non compos méntis, and is the only person who has ever served as the lawful guardian of said estate, save and except that G. A. Wynne did serve as temporary guardian pending said contest.

There was an appeal from the order of the probate court, appointing Mrs. Byrd E. Wooters guardian of the person and estate of W. A. Eastham, to the district court of Walker county, and upon the judgment of the probate court being affirmed by said court, there was an appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, which court in all things affirmed the judgment of the probate and district courts of Walker county. 7 S.W.(2d) 940. ·

Mrs. Wooters promptly qualified as guardian of the person and estate of W. A. Eastham, non compos mentis, and gave a bond as such guardian in the sum of $225,000, which was duly approved by the probate court on the 15th day of July, 1927, from which time Mrs. Wooters has continued to act as guardian of the person and estate of her brother, W. A. Eastham, non compos mentis.

At the time Luther Eastham, Jr., filed his application to resign as guardian (under his void appointment), and at the time the contest arose between Mrs. Helen M. Jones and Mrs. Byrd E. Wooters as to which one should be the successor of Luther Eastham, Jr., as guardian of the estate of their brother, W. A. Eastham, no one interested in said suit seems to have thought of the illegality of the action of the probate court of Walker county in appointing Luther Eastham, Jr., guardian of the person and estate of W. A. Eastham before complaint in lunacy had ever been filed against the said W. A. Eastham; and this fact seems to have first been considered in the district court of Walker county in cause No. 5223, which court, in disposing of the contest for letters of guardianship, found "from the evidence that W. A. Eastham has never been adjudged by a court of competent jurisdiction to be a non compos mentis, and the court is of the opinion that the county court of Walker County, as well as this court, is without authority of law to appoint a guardian for the said W. A. Eastham, unless and until he is adjudged by a court of competent jurisdiction to be a non compos mentis."

"It is therefore, ordered adjudged, and decreed by the court that the order of the county court of Walker County attempting to appoint Tom Ball, Jr., guardian of the estate of W. A. Eastham is without authority of law and is void, and it is further ordered, adjudged and decreed by the court that no guardian should be appointed by either this court or by the county court of Walker county, unless and until the said W. A. Eastham is adjudged to be non compos mentis. * * *"

This order was entered in a contest for letters of guardianship wherein the appellant was contesting with her sister, Mrs. Byrd E. Wooters, her right to be appointed the successor of Luther Eastham, Jr., as guardian of the person and estate of W. A. Eastham; this judgment of the district court of Walker county was never appealed from.

In this same guardianship proceeding, appellant, on January 19, 1929, filed her petition for bill of review. Just what judgment or order of the probate court the appellant desired to have reviewed by the court is not specifically stated by her in her petition, nor is it stated by what right she filed, and expects to maintain, this action, save and except that it is alleged by her that she "is a sister of the said W. A. Eastham, non compos mentis, and is a devisee named in the last will and testament of the said W. A. Eastham, which was executed prior to the time W. A. Eastham was adjudged non compos mentis, and has a vested interest in the estate · of the said W. A. Eastham, subject only to said will being lawfully revoked."

W. A. Eastham was living at the time she filed her so-called "application for bill of review and restatement of the account of Luther Eastham, Jr.," and is still living, and Mrs. Byrd E. Wooters was and still is the duly and legally appointed guardian of his person and estate. The appellant brought this action as a sister of the said W. A. Eastham, not as next friend, nor even as guardian ad litem, and does ·not bring the action for the use and benefit of said estate of W. A. Eastham, but for her own use and benefit, predicating her right so to do upon the alleged fact of the execution of the will by W. A. Eastham, and that she had taken steps to perpetuate the evidence relating to the execution thereof.

In her petition for a bill of review, filed in January, 1929, Mrs. Helen Jones, a sister of W. A. Eastham, alleged that Mrs. Wooters, the duly appointed and qualified guardian of the estate of W. A. Eastham, had failed to take any action toward obtaining a statement of the account of Luther Eastham, and asked that she be permitted to file an application for a bill of review, which request was granted by the court. She made Luther Eastham and all his bondsmen, and Mrs. Wooters, guardian, parties defendant.

In the probate proceedings, the American Surety Company, which was a party defendant, filed its plea to the jurisdiction of said

district court, urging that said court was without jurisdiction to review and reform judgments and orders which were void. It also filed its plea in abatement, urging that the petition of Mrs. Helen Jones discloses that the interest she asserts in the estate of W. A. Eastham is not such as would entitle her to the right to prosecute a suit for a bill of review of the orders and judgments of the probate court, or of the auditor's report made in such probate proceedings, in that she has no present vested interest in the estate of W. A. Eastham. Said company also interposed an exception to the plaintiff's suit to the effect that there is an improper joinder of parties, in that the plaintiff is not a proper or necessary party to the suit as she has no interest in the subject-matter thereof. It also made general denial of the allegations of the plaintiff's petition.

All the defendants answered in the cause filed in the probate or county court, and each and all of them adopted the answer of the other as their own.

Judgment was entered in said cause in the county court decreeing that Luther Eastham was not indebted to the estate of W. A. Eastham, non compos mentis, in any sum, and that Mrs. Helen Jones' prayer for a bill of review be refused, and that each of the defendants named as sureties on various bonds of Luther Eastham and Mrs. Wooter go hence without day.

Mrs. Jones, who was joined in the suit by her husband, J. B. Jones, gave notice of appeal from the judgment of the probate court to the district court, but she filed neither an appeal bond nor cost bond so as to perfect an appeal to the district court.

The cause was submitted in the district court upon the pleadings filed in the county court, including demurrers and exceptions and pleas in abatement, of the respective parties. Whereupon the court sustained each and all the demurrers, exceptions, and pleas in abatement urged by each and all of the defendants, and rendered judgment denying Mrs. Helen Jones' prayer for a bill of review and restatement of the account of Luther Eastham, as guardian of the estate of W. A. Eastham, non compos mentis. Mrs. Jones and her husband, J. B. Jones, have appealed to this court.

The court filed findings of fact and conclusions of law. The pertinent parts of the conclusions filed are as follows:

"I conclude that the action attempted to be asserted by Mrs. Helen M. Jones is such an action as only the guardian of the estate of W. A. Eastham has the lawful right to maintain, and that Mrs. Helen M. Jones has not such interest in the subject matter of this litigation as to authorize her to prosecute this suit; that she has no present vested interest in this estate whatsoever, and has no

such contingent interest or interests in futuro as to authorize her to prosecute this suit, and is not such an interested party in this estate as to permit her to appeal from the judgment of the probate court of Walker County to the court without the filing of an appeal bond, and that, therefore, this court has not jurisdiction over this cause; that the probate court of Walker County did not have jurisdiction over the estate of W. A. Eastham at the time Luther Eastham, Jr., purported to act as guardian thereof, and did not have jurisdiction to restate the account of Luther Eastham, Jr."

The substance of appellants' propositions are: First, that since the probate court of Walker county had, without authority, assumed jurisdiction over the estate of W. A. Eastham and had ordered that Luther Eastham be appointed administrator of said estate, thus enabling him to gain possession of such estate, such court had authority to do all things necessary to correct the wrongs growing out of such unauthorized appointment of Luther Eastham; second, that since Luther Eastham accepted such appointment and took possession of said estate by virtue thereof, he and his bondsmen were estopped from asserting that his appointment was made without lawful authority and that the probate court did not have power and authority to make such appointment; third, that since the probate court assumed jurisdiction over the estate of W. A. Eastham, reciting in its order or decree that W. A. Eastham was of unsound mind, such order is not subject to collateral attack as being void for want of jurisdiction in the court to make the same; and, fourth, that since said estate had been administered upon by Luther Eastham, though under void authority, for eleven years without his authority being questioned, and since the order appointing 'him does not affirmatively show that W. A. Eastham had not been adjudged a non compos mentis, but did recite, that he was of unsound mind, it will be presumed that the appointment was lawfully made, after the lapse of eleven years.

As already shown, the trial court in disposing of the cause substantially held that the evidence conclusively showed that W. A. Eastham was living at the time Mrs. Jones and husband filed this suit in the county or probate court, and is still alive; that such plaintiffs had and now have no vested interest in the estate of W. A. Eastham, and that neither of them could lawfully maintain the suit brought by them in their individual characters; that they, nor either of them, were or was the guardian of the estate of the person or estate of W. A. Eastham at any time; that the action attempted to be asserted by the plaintiffs, Mrs. Jones and husband, is such an action as only the guardian of such estate has the lawful right to maintain; that the plaintiffs have no present vested in-

terest in such estate whatever, nor such contingent interest or interests in futuro as would authorize them to prosecute their attempted action, nor are they or either of them such parties or party as are permitted by law to appeal from the judgment of the probate court of Walker county to the district court of said county without filing an appeal bond; that no such bond was filed, and therefore such district court was without jurisdiction over the estate of W. A. Eastham or to hear and determine the action attempted by plaintiffs; that Mrs. Wooters was at the time plaintiffs filed their suit, and at all times since, the duly appointed and qualified and acting guardian of the estate of W. A. Eastham, a non compos mentis.

Unquestionably the effect of the action of the trial court in sustaining all of the demurrers, exceptions, and pleas in abatement urged by each and all of the defendants, shown by the judgment rendered, was equivalent to a holding and decree that such court was without jurisdiction to hear and determine the cause of action attempted to be set up by the plaintiffs.

We think the conclusion of law filed by the court and the judgment rendered are conclusively supported by the facts disclosed by the entire record.

Nowhere in the plaintiffs' petition or elsewhere in the record is it stated that Mrs. Jones brought the suit for the use of the estate of W. A. Eastham, non compos mentis; her petition shows that she brought the suit upon a conception that she had a present vested interest in the estate of the then living W. A. Eastham, which she was seeking to protect. In her petition she alleged:

"That petitioner is a sister of the said W. A. Eastham, N. C. M., and is a devisee named in the last will and testament of the said W. A. Eastham, N. C. M., which was executed prior to the time W. A. Eastham was adjudged non compos mentis, and has a vested interest in the estate of the said W. A. Eastham, subject only to said will being lawfully revoked."

The above quotation is the only allegation in the petition of the plaintiffs with reference to the interest claimed by them in the estate of W. A. Eastham. It, and it alone, reflects their claim of right to maintain this suit and to appeal to the district court from the judgment of the probate court without bond. The fact that Mrs. Jones is a sister of W. A. Eastham and has been named as one of the beneficiaries in his will, he being living, does not give to her any right of action in her own name, or any right to prosecute for or on behalf of the estate of W. A. Eastham. The will of a person speaks only from the death of its maker, and its probate thereafter.

In 28 Ruling Case Law, p. 60, § 4, it is said:

"One distinguishing feature of a will is that it is not to take effect except upon the death of the testator, and has no binding effect during the lifetime of the testator. Until the death of the maker, it is ambulatory and revocable. An irrevocable will would be an anomaly. A will does not confer any present right at the time of its execution, and nothing vests by reason of such instrument during the life of the devisor."

In the case of Hagood v. Hagood (Tex. Civ. App.) 186 S. W. 220, at page 227, it is said:

"In the law the will speaks from the death of the testator, not as of the date of its execution."

In Ellsworth v. Aldrich (Tex. Civ. App.) 295 S. W. 206, 209, it is said:

"A will, as such, speaks from the death of the testator. The rights which it is designed to convey do not arise or vest until the testator dies."

The holding of the trial court that Mrs. Jones is without authority to maintain her suit is supported by the following authorities: In re Carpenter, 140 Wis. 572, 123 N. W. 144, 145, 25 L. R. A. (N. S.) 155; Daniel v. Finley (Tex. Civ. App.) 194 S. W. 955; T. & P. Ry. Co. v. Bailey, 83 Tex. 19, 18 S. W. 481, 485; Lutcher v. Allen, 43 Tex. Civ. App. 102, 95 S. W. 572, 576.

In the case first cited it is said:

"Obviously no personal rights of appellant are involved, for an adult nonresident sister has no legal right to control the custody or conduct of another adult sister residing here, nor any right to support from * * * the latter. It is equally obvious that no legal rights of appellant in or to property are affected. Even a next of kin or heir apparent has no right or legal interest in the property of a living relative. 'Nemo est haeres viventis.'"

In Daniel v. Finley, supra, it is said:

"Appellant would have no interest in said land during the lifetime of his father, who is not alleged to be dead, except as a legatee under the alleged will. If he should cause said will to be probated, he would then become the owner of an undivided interest in said land, and might recover the same from the purchaser."

There is no Texas decision, so far as our search has disclosed, which upholds appellants' contention that Mrs. Jones has a vested interest in the estate of W. A. Eastham by reason of the execution of a will by him while sane. There is no authority for a presumption that one insane will continue so until he has died.

We are now brought to a consideration of the question as to whether Mrs. Jones

could confer upon the district court jurisdiction to hear and determine her suit, should it be conceded that she could sue, as she did to protect her claimed interest in her brother's estate while he lived, without filing an appeal bond to carry the cause from the probate court to the district court.

As already stated, Mrs. Jones did not file either an appeal bond or cost bond in her attempt to appeal to the district court from the purported order of the probate court. We hold that it is conclusively shown by the record that Mrs. Jones was not a party who could have been aggrieved at the judgment entered by the probate court in this suit. Douglass v. Stover (Tex. Civ. App.) 268 S. W. 1039, 1041; Peavy v. Goss, 90 Tex. 89, 37 S. W. 317, 319 (Supreme Court); Cunningham v. Porchet, 23 Tex. Civ. App. 80, 56 S. W. 574; Daniels v. College, 20 Tex. Civ. App. 562, 50 S. W. 205, 206; McKenna v. McKenna, 29 R. I. 224, 69 A. 844.

In the case first cited it is said:

"Therefore, it is apparent that, for one to be 'aggrieved' as that term is used in article 4290, so as to be entitled to prosecute an appeal to the district court and there require the matters involved in the decision, order, or judgment appealed from to be tried de novo, there must exist some character of right affected or interest involved on the part of the party appealing as a basis for him to 'consider himself aggrieved.' This conclusion we find to be supported by articles 4300 and 4301, Id., providing respectively for the review of guardianship proceedings by bill of review and by writ of certiorari, from which we gather that the right to institute and maintain a bill of review or certiorari proceedings to have any decree, order, or judgment rendered by a county court in guardianship proceedings revised and corrected, is conferred only on some person 'interested.' The reason for the requirement, viz., that the person resorting to either of the above remedies should be interested in the order or proceedings appealed from, applies with equal force to a person seeking to have such proceedings reviewed by an appeal under article 4290, supra, at least to the extent herein indicated."

In Peavy v. Goss, supra, it is said:

"The words 'any person aggrieved' are of not infrequent use in statutes. Article 2789 of our Revised Statutes gives a right of appeal to 'any person who may consider himself aggrieved by any decision,' etc., of the county court in matters relating to a guardianship. Similar statutes are found in other states, and the words in question have usually been construed to mean any person having any interest recognized by law in the subject-matter of the judgment which he considers injuriously affected by the action of the court."

For the reasons above expressed, we hold that the trial court did not err in sustaining the demurrers and plea in abatement of defendants, and in holding that it was without jurisdiction to hear and determine the issues sought to be litigated by the plaintiffs.

The judgment is affirmed.

Affirmed.