## GREER v. BOYKINS' ESTATE.

### No. 2761.

Court of Civil Appeals of Texas. Beaumont. May 9, 1935.

A. L. Shaw, of Beaumont, for plaintiff in error.

Wilmot Warner, Jas. G. Donovan, and M. L. Pepper, all of Houston, for defendant in error.

COMBS, Justice.

Defendant in error was appointed administrator of the estate of Richard Boykins, deceased, by the probate court of Jefferson county, Tex. Plaintiff in error thereafter filed a petition in the proceeding claiming to be the daughter and legal heir of the deceased, and seeking the removal of Donovan as such administrator. She alleged various grounds of invalidity of the administration, claimed that no administration was necessary, and sought to have the estate of the deceased, which was valued at $1,000, turned over to her. On such petition the county judge entered an order closing the administration, discharging the administrator, and ordering the estate turned over to her.

On appeal to the Sixtieth district court of Jefferson county, a trial was had to a jury, and in response to special issues the jury found, in substance, that plaintiff in error was not the legitimate child of Richard Boykins, deceased. Upon such finding, the trial court entered judgment holding that plaintiff in error had no interest in the

estate and denying her petition. This appeal is from that judgment.

There is no statement of facts. We must accept the findings of the jury and the judgment of the court as being supported by the evidence. The facts, as found, establish that plaintiff in error has no interest whatever in the estate of Richard Boykins, deceased. She is, therefore, in no position to contest the validity of the probate proceedings; and this is so even if said proceedings were void, as plaintiff in error contends, a question which we are not called upon to decide. For even if such proceedings are void, one seeking to attack them must have some legal interest in the subject-matter cognizable by the courts in order to maintain the point. Moore v. Stark, 118 Tex. 565, 17 S.W.(2d) 1037, 21 S.W.(2d) 296.

The judgment of the trial court is in all things affirmed.