**PERSKY v. GREEVER.**

No. 14838.

Court of Civil Appeals of Texas. Fort Worth.

April 25, 1947.

Rehearing Denied May 23, 1947.

304

J. R. Wilson, of Wichita Falls, for appellant.

Guy Rogers, of Wichita Falls, for appellee.

SPEER, Justice.

This is an action by B. B. Greever under a Bill of Review in a guardianship matter under the provisions of Article 4328, Vernon's Ann.Civ.St.

Pursuant to an application by Goldie Persky for guardianship of the person and estate of her husband Issie B. Persky, alleged to be a person of unsound mind, the probate court of Wichita County, by order entered on January 4, 1939, found all the necessary requisites, such as issuance and service of process, unsoundness of mind, necessity for guardianship and qualifications of applicant; the appointment was subject to making of bond, taking the oath and other requirements in usual form. On the same day Goldie Persky executed and filed the required bond and subscribed the oath.

At all times since her qualification she has apparently performed the duties of a guardian as required by law. At some time (date not shown), she instituted a suit in behalf of her ward in the district court of Wichita County, against Greever to recover the statutory penalty for usurious interest theretofore paid by the ward to Greever. In that suit Greever, among other defenses, attacked the validity of the judgment of the probate court appointing the guardian. Recovery was had by the guardian and Greever appealed to this court; for reasons stated in the opinion of date December 12, 1941, that judgment was reversed and cause remanded. Greever v. Persky, Tex.Civ.App., 156 S.W.2d 566. Writ of error was granted by the Supreme Court, but the opinion of this court was subsequently affirmed by the Supreme Court on November 4, 1942, 140 Tex. 64, 165 S.W. 2d 709. From the briefs and arguments made in this case we assume that the above mentioned cause is still pending in the district court of Wichita County.

On December 15, 1942, Greever instituted this Bill of Review action in the probate court of Wichita County against the guardian, her bondsmen, the ward and others, asserting that he was a "person interested" as defined by Article 4328. Amplifying his allegation that he is a "person interested" in the probate proceedings, he meticulously set out the application for appointment as guardian by Mrs. Persky, the order of appointment and her subsequent oath and bond. He alleges the invalidity of the appointment for many specified reasons, which we do not deem necessary to detail here. In connection with his "interest" in the probate proceedings, he alleged that after her purported appointment, "The guardian instituted suit against B. B. Greever wherein she sought the recovery of a substantial sum of money and appeared therein as such guardian; * * *."

The guardian and the other defendants, in due order of pleadings, urged, among other matters, a motion to abate the Bill of Review suit because there were no allegations of facts showing Greever to be "a person interested" in the guardianship proceedings. The defendants pled limitations to the action and other forms of defenses which we think unnecessary to relate.

At a trial to the county court a judgment was entered upholding the appointment of the guardian, and Greever appealed to the district court without giving an appeal bond. Tried on appeal to the district court, without a jury, under substantially the same pleadings, judgment was entered sustaining the Bill of Review and vacating the guardianship proceedings. From that judgment Mrs. Persky as guardian has appealed.

Eight points of error are presented. Five of these points complain of errors alleged to have been committed by the trial court in concluding by the judgment entered, which effectively sustained as many grounds asserted by Greever, as to why the appointment of the guardian was void. Third, Fourth and Fifth Points assert error in the trial court's failure to sustain the motion to abate the action as urged by the guardian and others, and in holding that Greever was "a person interested" in the guardianship matter under the provisions of art. 4328, supra. We have concluded that these points should be sustained. Assuming that we are correct in this, there is no necessity to discuss other points raised.

In support of the judgment, Greever argues that since the purported guardian has sued him for a substantial sum of money alleged to be owing by him to the ward he is a very interested party, because if he prevails in the instant case, she can no longer proceed with her alleged claim for several thousand dollars.

We are not unmindful of the recognized rules and principles involved in what is commonly known as the "Equitable Bill of Review", for which proceeding we have no statutory provision, the conditions, requisites and procedure in which are set out under the title of "Equity" in 17 Tex. Jur. pages 28 and 29, Secs. 26 and 27. There is a marked distinction between the requisites and purposes of the Equitable Bill of Review, and similar Bills in guardianship matters, such as this, provided for under Article 4238, supra, passed in 1876. Jones v. Parker, 67 Tex. 76, 3 S.W. 222;

Norton v. Cheney, 138 Tex. 622, 161 S.W. 2d 73.

Greever relies upon Article 4328, R.C.S., which reads: "*Any person interested* may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised , and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction." (Our emphasis.)

Such phrases as "any person interested" contained in the quoted article are often used in our statutes. Some of them are: "Any person interested in the estate" may propose the probate of a will, (art. 3339); or may contest its probate, (art. 3315); "Any * * * party at interest" may appeal from an order of the Railroad Commission, to the court (art. 6059); "Any person * * * aggrieved" by an order, decree or judgment of the probate court may appeal to the district court (art. 4318). There are others, but these are sufficient.

█ The phrase "any person interested" and similar ones have no technical meaning, but the words are to be given their natural meanings. They have been construed as having reference to any one who suffers from the aggressions of another, or as one who is injured in a legal sense. Some jurisdictions have held that "persons interested" and "persons aggrieved" are equivalent and synonymous, while other jurisdictions draw a distinction, 3 C.J.S., Aggrieved, p. 351. We shall later notice what our own courts have said about the meaning of those phrases.

The word "interest" has more than one meaning, depending upon the manner of its use and the context of the sentence, phrase of grouped words, or subject matter under consideration. An interest may well be said to exist in an action which creates or determines a liability or pecuniary loss or gain, depending upon the result of a trial in court. 33 C.J. 262; 47 C.J.S., Interest, page 4.

█ A person is not "aggrieved" within the meaning of statutory provisions governing appeals in probate because of his feelings of propriety or because his sense of justice is outraged by the decree complained of. Such provisions have reference to a substantial grievance as the imposition of a legal injustice, illegal obligation or burden, or the denial of some equitable or legal right to which the complaining person is entitled. Vol. 2, Words and Phrases, Perm.Ed., page 807.

Pennsylvania has a statute very similar to our Article 4318, which reads: "Any person aggrieved by a definitive sentence or decree of the Orphan's court, may appeal from the same." Act March 29, 1832, § 59, P.L. 213. In re Estate of Carothers, Deceased, L. Verne O'Brien, Appt., 300 Pa. 185, 150 A. 585, 586, 69 A.L.R. 1127, the Supreme Court of that state had before it a case of will contest. Testator died without issue and unmarried, leaving a will in which he bequeathed a sizeable estate to benevolences and certain legacies to named individuals. The will contained a residuary clause which did not inure to the benefit of the contestant. The appellant, as contestant, sought to avoid the will because of undue influence of other legatees by which their legacies were procured. If those legacies had been set aside the interest of contestant would not have been affected. It was held that in such cases where the contestant would receive no benefit if the contest was successful, he is not entitled to appeal from a judgment denying the contest, since he had no interest in the distribution of the estate. See 2 Amer.Jur. 948, Sect. 156 and p. 849 Sect. 158; and 4 C.J.S., Appeal and Error, § 183, p. 356, and Texas cases there cited.

█ debtor of an estate is not, for that reason, such person as may be "aggrieved" by the appointment . of a representative of the estate, and entitled to a review of the proceedings appointing such representatitve, when sued on the asserted obligation. Swan v. Picquet, 3 Pick.Mass., 443; In re Estate of Hardy, Deceased, v. Minneapolis & St. L. Ry. Co., 35 Minn. 193, 28 N.W. 219; Luckenbach v. Laer, 190 Cal. 395, 212 P. 918.

In Glos v. People, 259 Ill. 332, 102 N.E. 763, 766, Ann.Cas.1914C, 119, that court considered the right of appellant to main-

tain a Bill of Review to proceedings to which she was not made a party. She claimed the right to review by reason of the fact that she was "aggrieved" by the decree complained of. In denying the Bill, the court announced the principles often stated by other courts, in this language: "Aggrieved means having a substantial grievance; a denial of some personal or property right."

Peavy v. Goss, 90 Tex. 89, 37 S.W. 317, 319, was an action by a mother against a liquor dealer for the sale of intoxicants to her minor son in violation of the provisions of the bond required by the then law concerning the sale of intoxicating liquors. The bond required of the dealer provided, among other things, that any person "aggrieved" at its violation could maintain a suit thereon. The mother's right to sue was contested by the dealer, and the court sustained her right as an aggrieved person. The court referred to the frequent use of the word "aggrieved" in our statutes, and especially pointed out Article 2789 (now art. 4318) which gives the right of appeal from probate court in guardianship matters to the district court to any person who considers himself aggrieved by the order, judgment or decree. Reasoning, the court said: "The words in question (any person who considers himself aggrieved) have usually been construed to mean, any person having an interest recognized by law in the subject-matter of the judgment which he considers injuriously affected by the action of the court. (Citing cases). In a legal sense, a person is aggrieved by an act when a legal right is invaded by the act complained of."

Douglass v. Stover, Tex.Civ.App., 268 S.W. 1039, 1041, involved the right of an aggrieved person in guardianship proceedings to appeal to the district court under the provisions of Article 4290 (now 4318), and arriving at the meaning of "aggrieved" the court likened it to the language found in Articles 4300 and 4301 (now 4328 and 4329), where it is provided that "any person interested" could by bill of review or certiorari, have orders in guardianship matters reviewed in the district court. In determining whether or not the complaining party was "aggrieved" the court said:

"* * * There must exist some character of right affected or interest involved on the part of the party appealing as a basis for him to 'consider himself aggrieved' ".

Jones v. Eastham, Tex.Civ.App., 36 S.W. 2d 538, writ refused, was a somewhat complicated situation, but the question was involved which we have under consideration. W. A. Eastham was a person of unsound mind. A brother was appointed guardian, acted for a number of years and resigned. The N.C.M. was later adjudicated a lunatic in a proceeding instituted for that purpose. Mrs. Jones and Mrs. Wooters, each of whom were sisters of the N.C.M., applied for guardianship. Mrs. Wooters was appointed, qualified and acted for a considerable period of time. Mrs. Jones became dissatisfied with Mrs. Wooters' guardianship, and filed her Bill of Review against Mrs. Wooters, her bondsmen and others under Article 4328. She alleged the derelictions of Mrs. Wooters, lack of jurisdiction of the court appointing her, asked that the appointment be cancelled and that she (Mrs. Jones) be appointed. She alleged that she was "a person interested" in the guardianship proceedings because she was a sister of the ward and was a beneficiary under his will executed prior to his insanity, and therefore had a vested right in his estate; she did not allege that her acts were in the interest of the ward or his estate. She made no bond for appeal to the district court, nor did Greever in the instant case. Court held that the nature of the "interest" Mrs. Jones asserted did not show herself to be such person as could be "aggrieved" by the guardianship proceedings, nor did she show herself to be "a person interested" in the proceedings and denied her Bill of Review under authority of Peavy v. Goss, 90 Tex. 89, 37 S.W. 317, above referred to by us.

Indicative of the views entertained by our courts in the matter under consideration is the opinion by the Commission of Appeals, adopted by the Supreme Court, of Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, 1041. There the right of a party to contest the probate of a will was involved. The court quoted art. 3315, which gives the right of contesting the probate of a will to "any person interested in an estate".

Referring to the statutory provision quoted, the court said: "This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof."

We note from this record that when Greever was denied his bill of review by the probate court he appealed to the district court without giving bond. He had based his right of review upon Article 4328 as being, "a person interested" in the judgment attacked. This article does not give the right of appeal to the district court without bond, but that privilege is given only under Article 4318 to persons who consider themselves "aggrieved" by the judgment or decree complained of. For the purposes involved in this appeal we think the phrases, "any person interested" and "any person who may consider himself aggrieved" apply with equal force and effect, and the complaining party has no greater rights under the one than the other.

■ The allegations of appellee Greever, found in his petition for review, disclose no more than that he is "interested" in the guardianship proceedings, to the extent that since the guardian's appointment she has sued him for several thousand dollars claimed by her to be due the ward as penalties for usurious interest alleged to have been charged by Greever and paid by the ward. In other words, when the guardian sought to show by her suit that he was a debtor of the ward, he then became "interested" in the validity of her appointment as guardian. He could not have been "aggrieved" by the appointment if he had no legal "interest" in who should be appointed.

The petition for review does not disclose in any way that Greever had any interest or right involved in the estate of the ward to the extent that he would be concerned in who should be appointed guardian. The order of the probate court appointing the guardian did not increase or diminish any property right of Greever; it did not create any liability by him to the estate of the ward, nor take away from him any defense he may have had to a claim by the ward or any person legally standing in his stead.

■ The petition for review does not disclose that the order of the probate court appointing the guardian was in any way an injustice to Mr. Greever, nor that the order imposed any illegal obligation or burden upon him. This for the reason, if there exists any obligation or burden upon him as asserted by the guardian, it existed prior to the appointment of a guardian, and of course he has at all times and still has the right of presenting any defense he may have had and still has, to the guardian's pending suit before mentioned. If the guardian prevails in her suit against Mr. Greever he is fully protected as against any subsequent suit growing out of the same transaction. Greever v. Persky 140 Tex. 64, 165 S.W.2d 709.

Under the record in this case and the authorities cited, we have concluded that the district court should have sustained the guardian's motion to abate the Bill of Review suit contained in said motion at paragraph "C" thereof. The judgment of the trial court is reversed and the judgment will be entered by this court, that should have been entered by the district court, sustaining that part of the motion to abate, as above pointed out, and all relief sought by the bill of review denied.

■ Under authority of the rule announced in Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657 and Rule 335, Rules Civil Procedure, the judgment here rendered becomes the judgment of the district court and upon return of the mandate herein to the district court it becomes the duty of the clerk of that court to certify same to the county court for observance, as provided by law. Reversed and rendered