## CRAYCROFT v. CRAYCROFT.
### No. 14476.

Court of Civil Appeals of Texas. Dallas.
May 16, 1952.

Rehearing Denied June 30, 1952.

A. C. Scurlock, Dallas, for appellant.

Biggers, Baker & Lloyd and Spencer Carver, all of Dallas, for appellee.

BOND, Chief Justice.

This is a probate case appealed to the District Court of Dallas County, Texas where, on findings of a jury on the material issues involved, the trial court entered judgment that appellant, plaintiff in the court below, take nothing by his suit, denying all relief sought, and directing the judgment to be certified to the Probate Court for observance.

On August 28, 1950 Mrs. Dorothy Craycroft filed application in the County Court of Dallas County for appointment of herself as guardian of the person and estate of her mother, Mrs. Lucy C. Craycroft, alleged to be a person of unsound mind. After notice of such filing had been posted, and citation issued in terms, form and manner required by law, citing Mrs. Lucy C. Craycroft and all interested persons to personally appear on date set for hearing of said application, and the sheriff of Dallas County made returns on said citation showing the date received, time executed, and that he had delivered to Mrs. Lucy C. Craycroft a true

copy of the writ, on August 28, 1950 the Probate Court entered an order that Mrs. Lucy C. Craycroft was a person of unsound mind, that she had no legal guardian of her person or of her estate, that due notice of the application had been posted and given as required by law, that Dorothy Craycroft was not disqualified to receive the appointment of such guardian, and that it will be to the benefit and interest of Mrs. Lucy C. Craycroft and her estate that her daughter, Dorothy Craycroft, be appointed. Whereupon Dorothy Craycroft was appointed, duly qualified as such guardian, made bond, caused inventory and appraisement to be filed, and entered upon the duties of said guardianship.

Subsequently, William R. Craycroft, appellant herein, filed in said cause an application for termination of the guardianship, basing said application on allegations that his mother was not, at the institution of the guardianship proceedings, and is not presently, a person of unsound mind, and that he had not been legally cited to appear and answer the application filed for the appointment of guardian of her person and estate. Whereupon said plaintiff sought Mrs. Dorothy Craycroft's discharge from said guardianship and that the guardianship be closed and final and complete accounting be had on said estate. In said application, Mrs. Lucy Craycroft was not made a party thereto, although claimed by the plaintiff to be of "sound mind."

To the plaintiff's application the guardian interposed plea in abatement and sought to have the application dismissed on the ground that said application had not been filed within ten days after the adjudication finding the ward of unsound mind and that the applicant (plaintiff) having alleged that their mother is a person of sound mind, he is not such an interested aggrieved party to intervene in his individual capacity in said guardianship, thus attacking the order and judgment of the probate court in which he has no present legal interest. On hearing of said application, the county court overruled the guardian's plea in abatement, and refused to terminate the guardianship, from which action Wm. R. Craycroft appealed to the District Court.

In the District Court the cause was tried de novo to a jury on agreeable submitted issues, and on finding that Lucy C. Craycroft was, at the time of the institution of the guardianship proceedings in the county court, and presently is, a person of unsound mind, the District Court entered judgment that Wm. R. Craycroft recover nothing by his suit and that Dorothy Craycroft, guardian, have judgment against him for all costs expended. To which judgment the plaintiff excepted and perfected this appeal, assigning pertinent points of error to his contention that his mother was of sound mind, and to the adverse findings of the jury, and judgment of the court.

The primary question and, we think, the crux of this appeal, is that appellant Wm. R. Craycroft is not legally such an "interested" aggrieved party in the person and estate of his mother as to confer jurisdiction on the trial court on his petition to terminate the guardianship, alleging therein that his mother, Lucy Craycroft, is of sound mind; and in effect that his only interest in the matter is the natural inherent personal feeling of a son, with only a prospective inheritable interest in his mother's estate. A reference to the pleadings and evidence conclusively reveals that appellant's "interest" stemmed only from his being a son of the ward and a brother of the guardian; and to protect his prospective right of inheritance, or to protect himself from alleged claims or suits which might be brought by the guardian in furtherance of her fiduciary duties. Only a person legally interested in an estate in which guardianship is pending may have any decision, order or judgment rendered by the probate court or the judge thereof, revised, corrected, or set aside. Such interest as the son bears to the ward does not qualify him as an "interested" person as authorized by law to intervene in the probate court. Jones v. Eastham, Tex.Civ.App., 36 S.W.2d 538, writ refused. Obviously he has no legal right to control the custody or conduct of his mother who, he claims, is of "sound mind"; and no present legal rights in and to his mother's property involved as would be affected by said guardianship proceedings.

460

A person is not legally "aggrieved" by an order of the probate court because his sense of justice is seemingly outraged by the record complained of. To be an "interested aggrieved" party, he must have a substantial grievance, personal to him as to the imposition of a legal injustice, obligation or burden, or denial of some equitable or legal right. Art. 4318, V.A.C.S.; Persky v. Greever, Tex.Civ.App. 202 S.W. 2d 303, writ ref., n. r. e.

In Estey & Camp v. Williams, 63 Tex. Civ.App. 323, 133 S. W. 470, 472, writ refused, the court, quoting from Freeman, Judgments, sec. 91, approved the text:

"'As a general rule, none but the parties to a judgment can have it set aside. Every litigant, if an adult, is presumed to understand his own interests, and to be fully competent to protect them in the courts. He has the right to waive all irregularities in proceedings by which he is affected, and is entitled to exclusively decide upon the propriety of such waiver. To allow disinterested third persons to interpose in his behalf and to undertake the management of his business according to their judgment would create intolerable confusion and annoyance, and produce no desirable result. To permit third persons to become interested after judgment, and to overturn adjudications to which the original parties made no objection, would encourage litigation and disturb the repose beneficial to society. Therefore, if the defendant be the real, as well as the nominal, party affected, as long as he is satisfied with the judgment, all other persons must be.'"

Aside from the holding that the plaintiff was not an interested aggrieved party, we are further of the opinion that he, having filed application for termination of the guardianship and the discharge of the guardian on the theory that his mother was of sound mind, and having asked for determination of that issue, he effectively waived all irregularities as to the failure of service of citation on him, of which he complained. And the Probate Court as well as the District Court, on findings of the jury that the mother was and is a person of unsound mind, such was binding on the plaintiff. "Unsoundness of mind" of the ward being the only material issuable fact does not necessarily mean that she was a lunatic or insane. There are two statutes affecting the person and estate of a person of unsound mind. In the case here, the guardianship was not brought under Chapter 12, Title 69, including Art. 4267 et seq., Lunatics and Drunkards; but was proceeded against under Chapter 3, Title 69, as amended, V.A.C.S., Art. 4118 et seq., providing, "After notice is given as required by law, the court may appoint a guardian, if satisfied that the person for whom a guardian is sought is a person of unsound mind." The distinction in the foregoing statutes is to the effect that one, Civil statute, proceedings is merely for the appointment of a guardian, and the other, Criminal statute, in which the person loses his liberty, confined to an asylum. Story v. Story, Tex.Civ.App. 105 S.W.2d 370, writ refused.

We have carefully reviewed this record and appellant's various assignments, and, finding no reversible error, the judgment of the trial court is affirmed.