**Lewis R. FRANTZ et al., Appellants,**

**v.**

**Kenneth FRANTZ, Guardian, Appellee.**

**No. 3963.**

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Rehearing Denied April 16, 1965.

Gene E. Steed, Perryton, for appellants.

Allen, Allen & Reavis, Perryton, Gordon, Gordon & Buzzard, Pampa, for appellee.

GRISSOM, Chief Justice.

Kenneth Frantz, guardian of the estates of his mother and father, Mr. and Mrs. C. J. Frantz, Sr., filed in the County Court an application for permission to compromise a law suit and certain partnership claims and debts in controversy between his wards and his brother, C. J. Frantz, Jr., in accord with Section 234 of the Probate Code, V.A.T.S. The guardian caused another brother, Lewis R. Frantz, to be cited to appear and answer said application. Lewis R. Frantz and his sister, Marcena Elledge, contested said application.

They alleged (1) that they were children of said wards "and parties at interest in this matter in accordance with the probate code of the state of Texas";

(2) that they objected to the proposed compromise because:

(a) said agreement was not based upon a complete investigation of the accounts between the father and mother and C. J. Frantz, Jr., and there was no showing the guardian had investigated and determined a basis for settlement of accounts between them;

(b) the guardian had failed to obtain a renegotiation of a land note executed by C. J. Frantz, Jr. to his father, which was unfair because it provided for no interest for ten years and for less interest thereafter than the "going rate" and provided that Junior must be as much as three years in arrears before there could be a foreclosure and that the debt was not secured by a deed of trust lien and

(c) the guardian had the duty to appeal from a judgment rendered in a case between the father and C. J. Frantz, Jr. in which the title to land had been awarded to Junior.

(3) Contestants petitioned the court to direct the guardian to make a complete investigation of the accounts between C. J. Frantz, Jr. and his father covering the years they were partners and to direct the guardian to file a suit for an accounting

"based upon conclusive evidence established" in the land suit "showing that C. J. Frantz, Jr. was indebted to the wards." They asked the court to direct the guardian to appeal the judgment in the land suit, so that the matters might be determined by law and not by interested parties, who might not serve the best interest of the wards in making the settlement.

On April 14th, 1964, the County Court denied the guardian's request and directed him to appeal from said judgment. On May 1st, the County Court entered an order that the guardian's said application be denied "for the time being". It recited that it appeared the guardian had appealed the land title judgment. It ordered the guardian to continue preparation of the statement of facts and transcript so that the court could intelligently decide whether the appeal should be continued and it recited that the application would then be subject to further orders of the court. On June 29th, the guardian filed a pleading to the effect that the transcript and statement of facts in the land suit had been obtained; that they had been examined by a certain attorney and in his opinion "an appeal and remand will probably not produce a different result", therefore, the guardian renewed his application for permission to compromise. Contestants filed a supplemental pleading to the effect that the attorney mentioned was of the opinion that reversible error had been committed and that the appeal should be pursued; renewed their former objections and again alleged the suit should be decided by a court rather than by interested parties, who might not serve the best interest of the wards.

On July 15th, 1964, the County Court granted the guardian's request for permission to execute the proposed compromise agreement. Contestants appealed to the District Court.

In the District Court the guardian filed a motion for a summary judgment. The motion merely stated that "no genuine fact issue is made by this appeal and that as a

matter of law the order appealed from should be affirmed." The Court granted the motion and authorized the guardian to execute the compromise agreement. The summary judgment recited that the court heard argument and examined the transcript and was of the opinion that the motion for summary judgment should be granted. Contestants have appealed.

Lewis R. Frantz and Marcena Elledge filed a motion for a new trial and moved the court to set aside the summary judgment and grant them a new trial because:

(1) the Court erred in granting the motion for summary judgment because there were material fact issues as to (a) the amount of money owed by C. J. Frantz, Jr. to his parents; (b) whether the guardian had made a complete investigation of the accounts between said parties over the years they were partners and (c) whether the proposed settlement was fair and for the best interest of the wards.

They further alleged that (2) the Court erred in failing to hear testimony as to whether Lewis R. Frantz and Marcena Elledge were "aggrieved parties" and "interested parties", alleged they were both and that they each had a claim against said estates which would be adversely affected by the proposed compromise and

(3) that under Section 3(r) of the Probate Code interested persons includes persons who have a claim against an estate and creditors of an estate. Verified claims for substantial amounts were attached to said motion. The motion for a new trial was overruled and Lewis R. Frantz and Marcena Elledge have appealed.

Appellants contend the summary judgment should be reversed because there are material fact issues; because the Court erred in failing to determine that appellants were aggrieved and interested parties within the meaning of Sections 28 and 3(r) of the Probate Code. Appellee's counter points are simply that the summary judgment was proper because appellants did not show, and did not have, a sufficient interest in the controversy to authorize them to appeal. Appellee says appellants alleged they were interested parties only because they were children of the wards and that their right as creditors was not asserted until after rendition of the summary judgment.

Lewis Frantz was impleaded by the guardian and cited to appear and answer the guardian's application for permission to execute the agreement settling accounts, controversies and lawsuits between his wards and C. J. Frantz, Jr. As shown, Lewis R. Frantz, joined by his sister, Marcena Elledge, did appear and contest the guardian's application. They did allege they were children of said guardian's wards. But they also alleged that they were parties at interest within the meaning of the Probate Code of Texas. Of course, the fact that appellee cited Lewis Frantz to appear and contest said application did not establish that he had the right to do so but it does indicate that appellee thought he did and he does not occupy a favorable position in now contending that he had no right to contest. Despite the fact that Lewis Frantz was cited by the guardian to appear and contest the application, he and his sister did allege they were the children of the guardian's wards and, further, that they were parties at interest within the meaning of the probate code. If the guardian had then properly pointed out to the Court his present contention that they had no such interest as authorized them to contest his application contestants could have then established, as they did in their motion for a new trial, that they were creditors of the estate and, as such, might be injured by the guardian's proposed compromise.

The guardian's application included the proposed agreement. It showed that appellant Lewis R. Frantz was formerly the guardian of his mother and father and, as such, had filed a suit to cancel their deed to C. J. Frantz, Jr.; that judgment was rendered in said suit for C. J. Frantz, Jr.; that

Lewis R. Frantz was removed as guardian and appellee Kenneth Frantz was appointed and that Kenneth Frantz, as guardian, had filed an appeal bond in said land suit for an appeal to the Court of Civil Appeals. It recited that a bona fide controversy existed between all parties concerning said land transaction and the appeal from such judgment. It recited that upon the trial of said land suit information was revealed which could give rise to additional causes of action or rights against C. J. Frantz, Jr. on behalf of the wards. The proposed agreement recited that in consideration of Eight Thousand Dollars to be paid by C. J. Frantz, Jr. to the guardian, said judgment should become final and that the guardian would dismiss his appeal and confirm the deed to Frantz, Jr. and release him from all liabilities, causes of action, known or unknown, on behalf of the guardian or his wards, except certain notes.

■ The basis for the court's action in sustaining the guardian's motion for a summary judgment was its erroneous legal conclusion that appellants' allegation of interest in the matter showed they had no right to contest the application. See 30 Tex.Law Review 297. That is the only ground asserted by appellees to sustain said judgment. If the sufficiency of contestant's allegation had been challenged so appellants had an opportunity to anticipate rendition of the summary judgment for lack of allegation of sufficient interest therein, they could have amended their pleading and then established, as they did in their motion for a new trial, that they were creditors whose rights might be affected by the guardian's proposed settlement. As creditors they had the right to contest the guardian's application. 3(r) Probate Code; Craycroft v. Craycroft, Tex.Civ.App., 250 S.W.2d 458, 459 (Ref. N.R.E.).

■ Under Rule 166–A (c) appellee was not entitled to a summary judgment unless the pleadings showed there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law. The pleadings did not show this. The pleadings did not show that appellants were not proper parties to contest the application. The pleadings showed issues of fact to be determined. As said by our Supreme Court in Womble v. Atkins, 160 Tex. 363, 331 S.W.2d 294, 297, it is not the policy of this state to permit those who have no interest in a decedent's estate to intermeddle therein and it is established practice, "when proper demand is made", to require one asserting a right to probate a will to first establish an interest in the estate which will be affected thereby. Here, if appellee had "made a proper demand" that appellants more definitely allege their interest they could have done so. They allege such interest in general terms. Appellees had no right to a summary judgment based on an assumption that appellants did not have the interest they alleged. Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210, 213; Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640, 642.

In Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276, our Supreme Court said that a summary judgment was possible only by virtue of the provision of Rule 166–A and that to entitle a party to a summary judgment its provisions must be strictly complied with and the burden of demonstrating the lack of a genuine issue of material fact was upon the movant and that all doubts were to be resolved against him. See also Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 and Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562. Applying our fact situation to the law as so declared, it is evident that appellee did not discharge the burden of showing either the absence of a legally sufficient interest in appellants or of a material fact issue.

The judgment is reversed and the cause is remanded.