Russell A. BELL, Sr., et al., Appellants,

v.

J. C. GROSSENBACHER, Jr., Guardian of the Person and Estate of Lillian Bell, N. C. M., Appellee.

No. 14708.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 24, 1968.

Rehearing Denied Oct. 16, 1968.

Reid, Taylor & Murray, Jeff Davis, San Antonio, for appellants.

Pat Maloney, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by Russell A. Bell, Sr., from an order of the district court sustaining a plea to the jurisdiction and dismissing his appeal from an order of the probate court denying his application to remove J. C. Grossenbacher, Jr., as guardian of the person and estate of Lillian Bell, N.C.M. The guardian of the estate of Russell A. Bell, Jr., sought to intervene, but said plea was not considered after the determination that the district court lacked jurisdiction, because appellant did not have standing under the Texas Probate Code to assert this action for removal of the guardian of the person and estate of his mother.

Three sections of the Code are involved: Section 222(b) provides in part: "The court may remove a personal representative on its own motion, or on the complaint of any interested person, * * *." Section 3(r) provides: " 'Interested persons' or 'persons interested' means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward." Section 28 provides in part: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county."

The specific question to be answered is whether appellant is "an interested person" within the meaning of Sec. 222(b) so as to have standing to file this application for removal of the guardian. Insofar as Sec. 28 is concerned, and particularly appellant's standing to appeal the judgment of the probate court to the district court, he is the "aggrieved" party with the corresponding right to appeal from the judgment which denied all relief prayed for by him if he had standing to file said application.

The Texas Probate Code which was enacted by the 54th Legislature to be effective January 1, 1956, was the product of more then ten years of study and effort. While it did change and add to the former law in many respects, it was not designed to make any radical changes in the former probate law. See Foreward to Code, Morehead, Vol. 17A, Vernon's Ann.Civ.St. One major change has been the blending of the rules relating to the estate of a decedent with those relating to a guardianship. It is seen that the source of Sec. 222 is Arts. 3466–3469 [1] which applied to estates of decedents, and Arts. 4233–4235 [1] which applied to guardianship proceedings. Art. 4234 provided in part: "A guardian may be removed by the court on its own motion or *on the motion of any person interested in the ward, or his estate, * * *.*" Art. 3467 provided in part: "An executor or administrator may be removed by the county judge on his own motion, or *on complaint of any person interested in the estate, * * *.*"

Although other articles in the statutes relating to both decedents' estates and guardianship conferred certain rights upon "interested persons,"[2] there was no legislative definition of said term. On the other hand, this term was defined by several appellate decisions involving both estates of decedents and guardianships. In Moore v. Stark, Comm. of App. 1929, 118 Tex. 565, 17 S.W. 2d 1037, motion for rehearing denied 118 Tex. 565, 21 S.W.2d 296, the Court held the guardian of a minor did not have standing to contest a will where the record showed that neither the guardian nor the ward had any interest in the estate and would not take any property regardless of how the will contest turned out. The Court said the burden is upon one seeking to set aside the probate of the will "primarily to show that he is an interested party;

---

1. Repealed by the Probate Code.

2. Persky v. Greever, 202 S.W.2d 303 (Tex. Civ.App.—Fort Worth 1947, writ ref'd n. r. e.).

in other words, that he is aggrieved or his legal rights have in some way been affected adversely by the decision." See also: Aaronson v. Silver, 304 S.W.2d 218 (Tex.Civ.App.—Austin 1937, writ ref'd n. r. e.); Greer v. Boykins' Estate, 82 S.W.2d 698 (Tex.Civ.App.—Beaumont 1935 no writ).

A similar result was usually reached in cases involving a ward's estate. In Jones v. Eastham, 36 S.W.2d 538 (Tex.Civ.App.—Galveston 1931, writ ref'd), it was held that a sister and heir under the will of a non compos mentis ward had no vested interest in said estate during the ward's lifetime and therefore was not an "aggrieved party" and not entitled to appeal from the ruling of the probate court. In Craycroft v. Craycroft, 250 S.W.2d 458 (Tex.Civ.App.—Dallas 1952, writ ref'd n. r. e.), the son of a ward was held not to be such an "interested aggrieved party" so as to confer jurisdiction on the probate court in his application to terminate guardianship because his mother was allegedly of sound mind at the time the guardian was appointed. Although the case was tried on the merits in the district court and the jury found that the ward was of unsound mind, the appellate court stated that the crux of the appeal was whether the son was legally such an interested aggrieved party in the person and estate of his mother as to confer jurisdiction on the trial court in his petition to terminate the guardianship. The Court followed Persky v. Greever, 202 S.W.2d 303 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n. r. e.), wherein it was held that a person is not "aggrieved" within the meaning of statutory provisions governing appeals in probate because of his feelings of propriety or because his sense of justice is outraged by the challenged decree. Rather, such provisions have reference to a substantial grievance as the imposition of a legal injustice, illegal obligation or burden, or the denial of some equitable or legal right to which the complaining person is entitled.

In Owens v. Stovall, 64 S.W.2d 360 (Tex. Civ.App.—Waco 1932, writ ref'd), the Court held that the sister of a man of unsound mind properly brought a bill of review under Art. 4328, which provides in part: "Any person interested may, by a bill of review, * * *." The Court said: "She was a party interested, within the meaning of said article, since she was the nearest of kin to the ward, and not being shown to be disqualified, was prima facie entitled to guardianship of her said brother".

It is seen that the *Persky* and *Jones* holdings had reference to the appeal from the probate court to the district court. In *Craycroft* the Court was also concerned with such an appeal, in that *Freeman on Judgments* was also cited to the effect that as a general rule only the parties to a judgment can have it set aside.

In Sec. 3(r) of the Code, the Legislature for the first time defined the term "interested person." This definition is in two parts: the first part relates entirely to persons who would have the type of interest or legal right in an estate referred to in *Moore, Jones* and *Craycroft;* the second part refers to anyone interested in the welfare of a minor or incompetent ward. This part of the definition would be meaningless if the courts should construe same to mean the type of interest referred to in *Moore, Jones* or *Craycroft.* We therefore must conclude that the Legislature intended by this statutory definition to broaden the restrictive construction which the appellate courts had theretofore placed upon the term "interested party."

It is readily apparent that the need for removal of guardians could arise in situations where there is no person with a vested property right or financially interested to bring such removal action. In Dobrowolski v. Wyman, 397 S.W.2d 930 (Tex.Civ.App.—San Antonio 1965, no writ) although the question of jurisdiction or standing to bring the suit was not asserted, a guardian with conflicting interests was removed upon the application of the daughter of the ward. Likewise in Higganbotham's Estate, 192 S.W.2d 285 (Tex.Civ.App.—Beaumont 1946, no writ),

a guardian was removed upon the application of the paternal grandparents of the minor ward. Furthermore, it is difficult to imagine a legal interest that any person could assert in the removal of the guardian of the person of a ward.

Only two appellate courts have been concerned in any way with this question since the enactment of the Probate Code. In Frantz v. Frantz, 389 S.W.2d 149 (Tex. Civ.App.—Eastland 1965, writ ref'd n. r. e.), this specific question was not reached in that the children of the ward who sought to appeal from the probate court's approval of a compromise settlement were also creditors of the estate and therefore entitled to bring suit in that capacity under the first part of Sec. 3(r). In Guardianship of Price v. Murfee, 408 S.W.2d 756 (Tex.Civ.App.—Amarillo 1966, no writ), the Court in denying the right of grandchildren to appeal under Sec. 28 from an order of· the probate court allowing an attorney's fee was under the erroneous opinion that the *Craycroft* case was determined after the adoption of the Probate Code. (See page 758.)

In any event, the right to appeal under Sec. 28 from a judgment of the probate court to the district court is a different question from the right of an "interested party" under Sec. 222(b) to file removal proceedings against the guardian of the person and estate of a ward. This latter question is resolved by the statutory definition of "interested party" contained in Sec. 3(r) and particularly the second part thereof.

We conclude that Russell A. Bell, Sr., who is the son of the ward is an "interested party" and has the legal standing to bring this removal action. The district court did not reach the merits of such action and it necessarily follows that we express no opinion on same.

The judgment of the trial court dismissing this application is reversed and the cause remanded to the district court.