William HOLLOMAN, Appellant,

v.

Joe D. DENSON, et ux., Appellees.

No. 10–82–026–CV.

Court of Appeals of Texas, Waco.

Sept. 23, 1982.

Rehearing Denied Oct. 21, 1982.

David B. Kultgen, Beard & Kultgen, Waco, for appellant.

John A. Hastings, Jr., Meridian, Andrew Campbell, Campbell & Campbell, Hamilton, for appellees.

## OPINION

CHASE, Justice.

This case is a consolidation of three suits filed by Joe D. Denson and wife, Bobbie N. Denson, against William Holloman growing out of three separate real estate transactions. In the first, the Densons seek to recover from Holloman $2,500.00 earnest money which was paid in connection with a contract for the purchase by Denson from Holloman of a lot on Lake Whitney, which transaction was never consummated. In the second suit Densons seek to recover from Holloman the statutory penalties growing out of a commission of $5,850.00 which was paid by one Behringer to Holloman who acted as an unlicensed real estate agent in connection with the sale of Behringer's house to the Densons and the third suit seeks to recover the statutory penalties growing out of a commission of $1,290.00 paid by the Densons to Holloman in connection with the sale by the Densons of their home to Krasselt in which transaction Holloman, as an unlicensed real estate agent, received the commission from Densons.

Trial was to the court without a jury and judgment was entered in favor of the Densons against Holloman for $5,790.00.

No findings of fact or conclusions of law were requested and none were filed, and the judgment does not set forth the basis upon which the $5,790.00 figure rests.

Holloman has appealed on six points of error.

█ In cases where no findings of fact or conclusions of law are filed, we must determine whether there is any evidence to support the presumed findings of the trial court. We must presume the trial court resolved every disputed fact issue in favor of the winning party, and consider only evidence which supports the judgment, disregarding all evidence in conflict therewith. *North East Texas Motor Lines v. Dickson*, 148 Tex. 35, 219 S.W.2d 795 (1949).

In the light of the foregoing rule, we examine the record and find the following evidence in support of the judgment.

The Densons had lived for a number of years in Alaska where, he was a school teacher, but had retired and desired to live on Lake Whitney in Bosque County. He contacted Holloman, who was the owner of the Cedar Shores Estates Subdivision on Lake Whitney, with a view to purchasing a home. Holloman showed the Densons several houses and they liked one belonging to one Behringer. After conferring with his wife, Behringer decided that the house was not for sale and so advised Denson.

Holloman then showed the Densons lots on the lake, one which the Densons decided to buy and build a house on. As a result of this, the Densons contracted with Holloman to purchase the lot for $25,000.00 and to pay $500.00 earnest money. Due to Joe Denson's desire to delay the transaction, it was agreed he would pay an additional $2,000.00 earnest money, making a total of $2,500.00.

Thereafter Behringer advised Denson that he was getting a divorce from his wife and his house would be for sale. Because Holloman had originally showed the house to the Densons, Behringer felt that they should conclude the transaction through Holloman as Behringer's agent. This was done and as a result thereof Behringer paid to Holloman $5,850.00 as a commission.

This left the Densons with a house which they had purchased to live in, but which they did not need since they had bought the Behringer house. They then sold that house to Krasselt with Holloman acting as their agent, and paid Holloman $1,290.00 as a real estate commission.

At no time during any of these transactions did Holloman have a license to act as a real estate broker as required by article 6573a VATS.

Section 19(b) of Article 6573a provides that where a person acts as a real estate agent without first obtaining a license and collects a commission:

"He shall ... be liable to a penalty of not less than the ... sum of money so received and not more than three times the sum so received, as may be determined by the court, which penalty may be recovered

... by an aggrieved person."

■ Appellant's first two points charge that there was no evidence to support the judgment in favor of Denson against Holloman on the basis of collection of a real estate commission in a sale by Behringer to the Densons and that it was against the overwhelming weight and preponderance of the evidence.

We sustain Appellant's points one and two since there is no way the Densons could be found to be the aggrieved persons where the commission was paid by Behringer to Holloman, Behringer is the aggrieved person. The Densons paid the price Behringer asked for the house and it was no concern of theirs whether Behringer paid a commission or not.

■ Appellant's points three and four complain that there is no evidence that the Densons were "parties aggrieved" in connection with the collection by Holloman of real estate commission in the sale from Densons to Krasselt and that it was against the great weight and preponderance of the evidence.

He bases this on the testimony of Denson in which he stated that the transaction had been handled as he authorized and that he had no complaint about the way Holloman had handled the transaction, and therefore was not an aggrieved party.

Article 6573a VATS, providing for the recovery of the commission paid to an unlicensed agent and the imposition by the court of a penalty not to exceed three times the amount of the commission, was designed by the Legislature to deter persons acting as real estate agents when they had not been tested and found to be capable and thereafter licensed to do so. The penalty had to be paid to someone and the Legislature elected to make that what they termed the aggrieved person.

Black's Law Dictionary defines an aggrieved person as one who has suffered loss or injury. A person hiring a real estate agent is seeking to employ services of an expert who has been tested and found to be such, and if, unknown to him, he gets a person who has not been tested and found to be an expert, but is charged the full commission rate, that person has suffered a loss since he did not get what he was paying for.

In *Persky v. Greever,* 202 S.W.2d 303 (Civ.App.—Fort Worth 1947, ref'd n.r.e.) the Fort Worth Court of Civil Appeals in interpreting aggrieved person as used in Article 4318 VATS stated that to be aggrieved he must have a substantial grievance as to the imposition of a legal injustice, obligation, or burden, or denial of some equitable or legal right. It equated aggrieved person with interested person as used in Article 4328 VATS.

We therefore hold that since the evidence is uncontradicted that Holloman did not have a license to sell real estate and the Densons were the aggrieved persons within the meaning of the statute, the court properly awarded damages to the Densons. We overrule Appellant's points three and four.

■ Appellant's point five states "insofar as Article 6573a(19)(b) VATS provides that a person in violation may be liable for penalty of not more than three times the real estate commission received 'as may be determined by the court', without specifying any standards for use by the court in determining the amount of the penalty, same violates the equal protection clause of the Constitution of the United States."

Appellant cites no authority to support this contention, and we have found none. We will, therefore, proceed under the assumption that the State under its police powers has the authority to enact statutory penalties such as the one in question.

We overrule Appellant's point five.

■ Appellant's point six states "If the judgment of the trial court is based upon Densons' claim for recovery of earnest money from Holloman, it is against the over-

whelming weight and preponderance of the evidence."

As earlier stated, in a case where no findings of fact have been filed we look to the evidence supporting the judgment and disregard all evidence in conflict therewith.

There is ample evidence in the record to sustain a finding, if such the trial court made, that Holloman promised to return the $2,500.00 earnest money paid by Denson if Denson bought the Behringer house.

Also, in both contracts entered into by the Densons with Holloman for the purchase of the lake-front lot, they contained the following provision "The purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money, deposits or otherwise unless the seller has delivered to purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $_____, which statement the seller hereby agrees to deliver to purchaser promptly after such appraised value is made available to the seller."

The evidence does not reflect that such statement was ever tendered to the Densons by Holloman nor is there any evidence that such statement was ever received by Holloman. This was sufficient evidence to support the court's judgment for the Appellees in the amount of $2,500.00 of the total amount awarded.

■ As to the fact that the several exact elements of damages do not total up to the exact amount of the judgment, and Appellant's several queries concerning it, the judgment is not thereby affected since under the penalty section of Article 6573a VATS the court could set "A penalty of not less than the sum of money so received and not more than three times the sum so received, as may be determined by the court, ...", which triple sum along with the $2,500.00 would have equaled $6,370.00. Since the amount of the judgment is well within the evidence and the court's authority to set the penalty, judgment of the trial court is affirmed.